[No. 23062-3-II. Division Two. December 3, 1999.]

*In the Matter of the Detention of* R.W., *Appellant.*

*Eric Broman* and *Sabrina Housand* of *Nielsen Broman & Associates, P.L.L.C.*, for appellant (appointed counsel for appeal).

*Christine O. Gregoire, Attorney General*, and *Susan L. Pierini, Assistant*, for respondent.

BRIDGEWATER, C.J. — R.W. appeals his detention for involuntary treatment under RCW 71.05. Although the 90-day treatment period has long since expired, he challenges the lawfulness of the court's instruction that great weight be given to his past history of repeated hospitalizations or law enforcement interventions in determining whether a less restrictive alternative commitment should have been ordered. We hold that this issue is not moot because it may recur and there is a need for guidance. Because the statement upon which the instruction was based is found in the "Legislative intent and finding" section of the statute, it lacks operative force and does not justify an instruction. Thus, the instruction constituted an improper comment upon the evidence by the court. The evidentiary issues R.W. raises regarding the admission of evidence are moot and will not be addressed. We reverse the trial court's order of commitment and order the petition dismissed.

Prior to this proceeding, R.W. was incarcerated for a second degree assault conviction arising from the 1996 as-

sault on a nurse in a psychiatric hospital. Before his release from prison back into the community, doctors at Western State Hospital petitioned the court to hold him on an emergency basis for 72 hours, then petitioned for a 14-day hold, and then petitioned for a 90-day involuntary commitment. The affidavit alleged that his various psychiatric disorders had led to a history of violence due to delusional beliefs and that if he were released, he was likely to become violent toward others (including the nurse who had testified against him). The petition was filed on two grounds: (1) that R.W. presents a likelihood of serious harm to others, and (2) that he is gravely disabled.[1] The first ground, that R.W. presents a likelihood of serious harm to others, was subsequently dismissed. After a jury trial, he was found to be gravely disabled and suffering from a mental illness and was ordered committed to Western State Hospital for 90 days. RCW 71.05.280, .320. This was R.W.'s thirteenth admission to Western State Hospital.

## I. MOOTNESS

This case is technically moot because the time period

---

[1]RCW 71.05.280 provides in relevant part:

At the expiration of the fourteen-day period of intensive treatment, a person may be confined for further treatment pursuant to RCW 71.05.320 if:

. . . .

(2) Such person was taken into custody as a result of conduct in which he or she attempted or inflicted physical harm upon the person of another or himself or herself, or substantial damage upon the property of others, and continues to present, as a result of mental disorder, a likelihood of serious harm; or

. . . .

(4) Such person is gravely disabled.

"Gravely disabled" is defined as

a condition in which a person, as a result of a mental disorder: (a) Is in danger of serious physical harm resulting from a failure to provide for his or her essential human needs of health or safety; or (b) manifests severe deterioration in routine functioning evidenced by repeated and escalating loss of cognitive or volitional control over his or her actions and is not receiving such care as is essential for his or her health or safety[.]

RCW 71.05.020(9).

for R.W.'s involuntary commitment has expired. But he argues that the case should nonetheless be decided on its merits because this case involves issues that are likely to recur and that are of substantial public interest. An appellate court may decide a moot case if it involves matters of continuing and substantial public interest. *In re Detention of Swanson*, 115 Wn.2d 21, 24-25, 793 P.2d 962, 804 P.2d 1 (1990). In determining whether a sufficient public interest is involved, the following criteria should be considered: "(1) the public or private nature of the question presented; (2) the desirability of an authoritative determination which will provide future guidance to public officers; and (3) the likelihood that the question will recur." *In re Detention of McLaughlin*, 100 Wn.2d 832, 838, 676 P.2d 444 (1984).

R.W. assigns error to two of the court's actions: (1) A jury instruction that told the jury to give great weight to evidence of a prior history of decompensation that had resulted in repeated hospitalizations or law enforcement interventions in determining whether a less restrictive alternative should be ordered. This had the effect of focusing the attention of the jury on his prior act of violence toward the psychiatric nurse in 1996 and the doctors' concerns that he would harm the nurse if he were released and decompensated. He objected; and (2) The admission of sworn transcript testimony from a prior court proceeding by the nurse and a witness in lieu of live testimony. The parties agree that the jury instruction issue should be addressed. The Supreme Court has recognized that " 'the need to clarify the statutory scheme governing civil commitment is a matter of continuing and substantial public interest.' " *In re Detention of LaBelle*, 107 Wn.2d 196, 200, 728 P.2d 138 (1986) (quoting *McLaughlin*, 100 Wn.2d at 838). Also, the fact that both parties are requesting review may indicate that there is need for guidance in the area and that the issues are likely to recur. *See Swanson*, 115 Wn.2d at 25. Because the jury instruction issue may recur and there is a need for guidance in this area, we will address this issue. But, we hold that the latter issue regarding testimony by transcript is moot: it is a private, not pub-

lic question; the question will probably not recur; and it is a matter of discretion that would not benefit from guidance. We will therefore not address that issue.

## II. IMPROPER COMMENT ON THE EVIDENCE

██ ██ R.W. assigns error to jury instruction 7, which he contends is an impermissible comment on the evidence in violation of Article IV, Section 16 of the Washington State Constitution. An impermissible comment on the evidence under Article IV, Section 16 is one that conveys to the jury the court's attitude toward the merits of the particular case. *State v. Lane*, 125 Wn.2d 825, 838, 889 P.2d 929 (1995). Because the jury is the sole judge of the weight of the testimony, a trial court violates this prohibition when it instructs the jury as to the weight that should be given certain evidence. *See Lane*, 125 Wn.2d at 838. Once there is a comment on the evidence, it is presumed to be prejudicial and the burden is on the State to show that no prejudice resulted. *Lane*, 125 Wn.2d at 838-39.

The instruction states:

> If you find that the respondent should be involuntarily treated, you must then decide whether the best interests of the respondent or others will be served by a less restrictive treatment that is an alternative to detention. Before the respondent can be detained for a period not to exceed 90 days at Western State Hospital, it must be proved by clear, cogent and convincing evidence that no less restrictive treatment is in the best interest of the respondent or others.
>
> *A prior history of decompensation leading to repeated hospitalizations or law enforcement interventions should be given great weight in determining whether a new less restrictive alternative commitment is in the best interest of the respondent or others.*

(Emphasis added.) The basis for this statement can be found in RCW 71.05.012,[2] the section headed "Legislative

---

[2] A similar statement is found in RCW 71.05.285:

For the purposes of continued less restrictive alternative commitment under the process provided in RCW 71.05.280 and 71.05.320(2), in determining

intent and finding," which states:

[F]or persons who are currently under a commitment order, a prior history of decompensation leading to repeated hospitalizations or law enforcement interventions should be given great weight in determining whether a new less restrictive alternative commitment should be ordered.

■ The State contends that because this statement is contained in the statute, the instruction that restated this language was permissible as a correct statement of the law. An instruction that does no more than accurately state the law pertaining to an issue in the case does not constitute an impermissible comment on the evidence. *Christensen v. Munsen*, 123 Wn.2d 234, 249, 867 P.2d 626, 30 A.L.R.5TH 822 (1994) (citing *Hamilton v. Department of Labor & Indus.*, 111 Wn.2d 569, 571, 761 P.2d 618 (1988); *State v. Ciskie*, 110 Wn.2d 263, 282-83, 751 P.2d 1165 (1988)). But "a statement of legislative intent, used by the Legislature as a preface to an enactment, lacks operative force in itself, although it may serve as an important guide in understanding the intended effect of operative sections." *State v. Alvarez*, 74 Wn. App. 250, 258, 872 P.2d 1123 (1994) (citing *Hartman v. State Game Comm'n*, 85 Wn.2d 176, 179, 532 P.2d 614 (1975)), *aff'd*, 128 Wn.2d 1, 904 P.2d 754 (1995). Because this section is not operative, it is not substantive law, and it cannot be used to justify the instruction.

The instruction was an impermissible comment on the evidence because it instructed the jury on the weight to give certain evidence. Furthermore, the instruction was not harmless error. The contested issue was whether R.W. was gravely disabled. He vigorously defended himself, including calling his own medical expert to testify that he

---

whether or not the person is gravely disabled, great weight shall be given to evidence of a prior history or pattern of decompensation and discontinuation of treatment resulting in: (1) Repeated hospitalizations; or (2) repeated peace officer interventions resulting in juvenile offenses, criminal charges, diversion programs, or jail admissions. Such evidence may be used to provide a factual basis for concluding that the individual would not receive, if released, such care as is essential for his or her health or safety.

Both parties agree that this statute is inapplicable.

was not gravely disabled and could safely be released from the hospital. But the court decided that the testimony of the 1996 assault was relevant to his future dangerousness, which is a necessary element of the "gravely disabled" determination and whether a less restrictive alternative is appropriate, and instructed the jury to give great weight to evidence of prior criminal action and hospitalizations. This in effect instructed the jury to give greater weight to the State's evidence, which is error. The State could not show that the error was harmless; thus, it was prejudicial.

The commitment order is reversed and the petition dismissed.

HOUGHTON and ARMSTRONG, JJ., concur.