318

*In the Matter of the Detention of* W.R.G.

THE STATE OF WASHINGTON, *Respondent,* v. W.R.G.,
*Appellant.*

*Pattie Mhoon*, for appellant (appointed counsel for appeal).

*Christine O. Gregoire, Attorney General*, and *Pamela H. Anderson* and *Allison M. Stanhope, Assistants*, for respondent.

SEINFELD, J. — W.R.G. appeals two separate involuntary commitment orders, each of which authorized the State to detain him for a 180-day treatment period at Western State Hospital (WSH). The treatment periods have expired in both instances and, thus, the cases are moot. Nonetheless, we review his jury instruction challenge, finding that it presents an issue of continuing and substantial public interest. The instruction, which was based on RCW 71-.05.320(2), said that there had been a finding in an earlier commitment proceeding that W.R.G. came "into custody as a result of conduct in which he attempted or inflicted serious harm upon the person of another" and that the State did not need to reprove that fact. We conclude that this instruction was improper because the evidence did not support it and it was an unconstitutional comment on the evidence.

## FACTS

### I. No. 26087-5-II

In April 2000, WSH staff filed a petition seeking a 180-day involuntary commitment period for W.R.G. The petition alleged that W.R.G. had been taken into custody as a result of conduct by which he attempted or inflicted serious physical harm upon another or himself, that he

continued to present a likelihood of serious harm, and that he was gravely disabled. The petition also alleged that there was no appropriate less restrictive alternative to involuntary commitment.

WSH professionals testified at trial that W.R.G. suffered from bipolar disorder and pedophilia, that he had stated that upon his release he would contact and reunite with his ex-wife and two daughters, who are in hiding, and that he had violated staff rules by collecting pictures of children. They opined that W.R.G. was gravely disabled and that he continued to present a likelihood of serious harm to others.

Over W.R.G.'s objection, the trial court gave instruction 4, which stated in part:

> [T]here has been a finding, based on a prior proceeding that the Respondent did come into custody as a result of conduct in which he attempted or inflicted serious harm upon the person of another. That finding is conclusive evidence and the Petitioners are not required to reprove the events that led to Respondent's detention.

Clerk's Papers (CP) at 49. The jury found that W.R.G. suffers from a mental disorder, that he is gravely disabled, and that he presents a likelihood of serious harm to others. On May 15, 2000, the trial court ordered W.R.G. detained at WSH for a period not to exceed 180 days, a period that has now elapsed.

## II. No. 26871-0-II

In October 2000, WSH staff again petitioned for a 180-day involuntary commitment period for W.R.G. The testimony at this second commitment hearing was generally consistent with that of the earlier proceeding. WSH staff reported the same diagnosis and again opined that W.R.G. continued to be gravely disabled and that he presented a likelihood of serious harm to others. There were no challenges to the jury instructions and the jury again found that W.R.G. has a mental disorder, that he is gravely disabled, and that he presents a likelihood of serious harm. On

December 13, 2000, the trial court entered an order committing W.R.G. for a 180-day involuntary treatment period; this period has also elapsed.

## DISCUSSION

### I. MOOTNESS

■■ As the 180-day detention periods have expired in both cases, we cannot provide effective relief and the appeals are moot. *See In re Det. of Swanson*, 115 Wn.2d 21, 24, 793 P.2d 962, 804 P.2d 1 (1990); *In re Cross*, 99 Wn.2d 373, 376-77, 662 P.2d 828 (1983). Nonetheless, we may reach the merits of moot cases that involve matters of continuing and substantial public interest. *Dunner v. McLaughlin*, 100 Wn.2d 832, 838, 676 P.2d 444 (1984). In making that determination, we consider "(1) the public or private nature of the question presented; (2) the desirability of an authoritative determination which will provide future guidance to public officers; and (3) the likelihood that the question will recur." *Dunner*, 100 Wn.2d at 838.

■■ The need to clarify the civil commitment statutory scheme is an issue of continuing and substantial public interest. *In re Det. of LaBelle*, 107 Wn.2d 196, 200, 728 P.2d 138 (1986); *Cross*, 99 Wn.2d at 377. But challenges that turn on facts unique to a particular case and that are unlikely to recur will not support review. *In re Det. of R.A.W.*, 104 Wn. App. 215, 221, 15 P.3d 705 (2001) (whether trial court had good cause to continue detainee's hearing involved facts unique to detainee's case and was unlikely to recur).

A. Sufficiency of the Evidence

■ W.R.G.'s challenges to the sufficiency of the evidence turn on facts unique to his particular cases and the trial court's discretionary decision to give the case to the jury. Thus, these claims do not involve matters of continuing and substantial public interest justifying review. *See, e.g., In re Det. of R.W.*, 98 Wn. App. 140, 143-44, 988 P.2d 1034 (1999)

(issue of admissibility of transcript testimony was moot because it involved private question, would not likely recur, and was a matter of discretion). As W.R.G. does not raise any other issues in cause No. 26871-0-II, we affirm that commitment order.

B. Instruction 4

W.R.G. also contends that instruction 4 in cause No. 26087-5-II relieved the State of a portion of its burden of proof and constituted a comment on the evidence. Instruction 4 is based on the language of the civil commitment statute, RCW 71.05.320(2).[1] The need to clarify the scope and application of this statute is an issue of continuing and substantial public interest justifying review. *See LaBelle*, 107 Wn.2d at 200. Thus, we review W.R.G.'s challenge to the instruction.

## II. No. 26087-5-II—INSTRUCTION 4

A. Evidentiary Support

W.R.G. contends that neither a court nor a jury has ever found that he came "into custody as a result of conduct in which he attempted or inflicted serious harm upon the person of another." CP at 49. Thus, he contends, the trial court erred in instructing the jury that there is conclusive evidence deciding this issue.

This assignment of error raises a mixed question of fact and law. We not only consider whether there was sufficient evidence to support giving instruction 4, we also must decide what type of evidence is adequate to prove the existence of an earlier conclusive finding.

■ Under the civil commitment statute, the court can order a person detained for treatment for 180 days based upon the petition of "the superintendent or professional person in charge of the facility" in which the person is confined. RCW 71.05.320(2). The petition may allege one of

---

[1] RCW 71.05.320(2) provides in pertinent part: "If the conduct required to be proven in (b) . . . of this subsection was found by a judge or jury in a prior trial under this chapter, it shall not be necessary to reprove that element."

several grounds, including the two alternatives alleged in this case: (1) if the party "[w]as taken into custody as a result of conduct in which he . . . attempted or inflicted serious physical harm upon the person of another, and continues to present, as a result of mental disorder . . . a likelihood of serious harm"; or (2) if the party "[c]ontinues to be gravely disabled." RCW 71.05.320(2)(b), (d). This subsection then eliminates the State's burden to reprove the "taken into custody" element where the State has proved this fact in an earlier proceeding: "If the conduct required to be proven in (b) . . . of this subsection was found by a judge or jury in a prior trial under this chapter, it shall not be necessary to reprove that element." RCW 71.05.320(2)(d).

Based on this language, the trial court in the case before us instructed the jury that there had been an earlier conclusive finding that W.R.G. had been taken into custody as a result of the specified conduct. To review W.R.G.'s challenge to this instruction, we review the evidence from the prior trial to determine if the jury there did determine that W.R.G. was taken into custody as a result of his attempted or actual infliction of serious harm upon the person of another.

The earlier trial involved the State's petition for a 90-day involuntary commitment period for W.R.G. In that case, the court instructed the jury that it

> must find that the petitioners have proved by clear, cogent, and convincing evidence that the respondent has a mental disorder and that he, No. 1, *was taken into custody as a result of conduct in which he attempted or inflicted serious physical harm upon a person of another or himself* and, as a result of a mental disorder, continues to present a likelihood of serious harm to others or himself or, No. 2, is gravely disabled as a result of a mental disorder.

Report of Proceedings (Oct. 23, 1998) at 41 (emphasis added). But the trial court's verdict form did not ask the jury to make a finding about why W.R.G. was taken into custody. Instead, it asked the following four questions:

Question 1: Is the Respondent, [W.R.G.], suffering from a mental disorder?

. . . .

Question 2: Is the Respondent, [W.R.G.], gravely disabled?

. . . .

Question 3: Does the Respondent, [W.R.G.], present a likelihood of serious harm to others?

. . . .

Question 4: Which one of the following treatment alternatives would be in the best interests of Respondent or others?

. . . .

Check One:

(  )  Detention for evaluation and treatment at Western State Hospital for a period not to exceed 90 days.

(  )  Treatment in a placement less restrictive than detention at Western State Hospital for a period not to exceed 90 days.

CP at 75-76. The jury responded "Yes" to the first three questions and then checked the first option under question 4.

The State contends that the jury's responses on the above verdict form provided conclusive evidence of the custody prong of RCW 71.05.320(2). Essentially, the State argues that the jury could not have responded to the verdict form questions as it did without first finding proof of the "taken into custody" element. This argument is based upon the trial court's instruction to the jury that there must be clear, cogent, and convincing evidence to support a determination that W.R.G. should be involuntarily committed for a 90-day period.

This argument would be more persuasive if the verdict form had asked the jury if it found that W.R.G. should be involuntarily committed. But the verdict form failed to ask this question.

The first three questions on the verdict form deal with other necessary elements of proof. It is not possible to infer

a jury finding as to the "taken into custody" element from those answers. And although the jury should not have reached the fourth question dealing with less restrictive alternatives unless it first found proof of all the necessary elements for an involuntary commitment, the verdict form does not advise the jury not to answer question 4 unless it is satisfied that the State has proven the "taken into custody" element. Consequently, the verdict form does not provide conclusive evidence that the jury found that W.R.G. came into custody as a result of conduct in which he attempted or inflicted serious harm upon the person of another or himself. Thus, the trial court erred in giving instruction 4, the conclusive evidence instruction, and in thereby relieving the State of the burden of proving a statutory element necessary for commitment.

B. Comment on the Evidence

W.R.G. also contends that the reference to "conclusive evidence" in instruction 4 is a comment on the evidence. Under the facts before us, this contention has merit.

■■ Article IV, section 16 of the Washington Constitution prohibits the trial court from commenting on the evidence. *State v. Deal*, 128 Wn.2d 693, 703, 911 P.2d 996 (1996). A statement constitutes a comment on the evidence "if the court's attitude toward the merits of the case or the court's evaluation relative to the disputed issue is inferable from the statement." *State v. Lane*, 125 Wn.2d 825, 838, 889 P.2d 929 (1995); *see also State v. Swan*, 114 Wn.2d 613, 657, 790 P.2d 610 (1990). The purpose of prohibiting such comments is to prevent the judge's opinion from influencing the jury's verdict. *Lane*, 125 Wn.2d at 838.

■ The instruction here contains not only the language of RCW 71.05.320(2), the civil commitment statute, it goes further and tells the jury that "there has been a finding" on this matter. Because the "taken into custody" element was a disputed factual issue and because the instruction clearly provided the jury with the court's evaluation of the evidence, the instruction was an unconstitutional comment on the evidence. *See State v. Ciskie*, 110 Wn.2d 263, 282-83,

751 P.2d 1165 (1988) (an instruction that does no more than accurately state the relevant law does not constitute a comment on the evidence). *See also In re Det. of Campbell*, 139 Wn.2d 341, 358, 986 P.2d 771 (1999) (instruction not comment on evidence if sufficient evidence to support it and it accurately states law).

Conversely, if the "taken into custody" prong of the commitment statute were not in dispute or if the court had correctly determined that this element was established as a matter of law, the instruction would be in the nature of a directed verdict and would not be a comment on the evidence. But even in that event, the jury might infer that the court viewed the respondent as a dangerous person. To avoid the unnecessary hazard of injecting prejudice and confusion into the proceedings by first advising the jury that it must find proof of the "taken into custody" element and then advising the jury that the court has determined that there is conclusive proof of this prong, it may be preferable to simply delete the "taken into custody" element from the jury instructions when RCW 71.05.320(2) applies. *See Dunner*, 100 Wn.2d at 852 ("The only element not required to be re-proved in any subsequent hearing is that the detainee was taken into custody as a result of conduct in which he attempted or inflicted serious harm upon another.").

### III. No. 26087-5-II—REMEDY

As the State alleged two alternative grounds for committing W.R.G. and the jury found that the State had established both grounds, the "gravely disabled" finding provided an independent basis for commitment. Thus, the instructional error was harmless.

Affirmed.

ARMSTRONG, C.J., and BRIDGEWATER, J., concur.