IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION  II

| | |
|---|---|
| In Re The Detention of: | No.  48150-2-II |
| DALE EVAN ROUSH, | |
| Appellant. | UNPUBLISHED OPINION |

SUTTON, J. — Dale E. Roush was found to be a sexually violent predator (SVP) in 2002 and was civilly committed to the Special Commitment Center (SCC) on McNeil Island.  Following a trial on his conditional release to a community based less restrictive alternative (LRA) placement, the jury found that conditions could not be imposed that would adequately protect community safety and Roush's conditional release was denied.  Roush appeals, arguing that the trial court improperly commented on the evidence by instructing the jury that Roush met the definition of an SVP as a matter of law.  The trial court's jury instruction was proper because whether Roush was an SVP was not a disputed issue at trial.  Accordingly, we affirm.

FACTS

In 2002, Roush was committed as an SVP.  In 2014, the trial court found that Roush had established probable cause for a jury trial to determine whether he could be conditionally released to an LRA.  Roush's proposed LRA included residence at a group home located in Tacoma and treatment with Jeanglee Tracer, a certified sex offender treatment provider in Tacoma.

Roush's conditional release trial began September 21, 2015. The State's expert, Dr. Amy Phenix, testified that she diagnosed Roush with Other Specified Paraphilic Disorder, Nonconsent and Antisocial Personality Disorder. Dr. Phenix also testified that she used several different actuarial tools to classify Roush as a high risk offender. Phenix opined that conditional release was not in Roush's best interests and there were not conditions that would adequately protect the community.

Roush presented testimony from his own expert, Dr. Luis Rosell. Rosell testified that he did not agree that Other Specified Paraphilic Disorder, Nonconsent was a valid diagnosis and Roush's current behavior in the SCC demonstrated that his Antisocial Personality Disorder was remitting. Accordingly, Rosell diagnosed Roush with Antisocial Personality Disorder by history. Rosell also testified that the actuarial tools used by Dr. Phenix did not account for the effect of Roush's 13 years in treatment in the SCC. Rosell opined that conditional release was in Roush's best interests and conditions could be imposed that would adequately protect the community.

The State proposed the following jury instruction:

> Respondent is a sexually violent predator. "Sexually Violent Predator" means any person who has been convicted of a crime of sexual violence and who suffers from a mental abnormality or personality disorder which makes the person likely to engage in predatory acts of sexual violence if not confined to a secure facility.

Clerk's Papers (CP) at 322. Roush objected and proposed an alternate instruction:

> The Respondent was previously found to meet the definition of a sexually violent predator in 2002 and has been committed to the Special Commitment Center since that time. A "sexually violent predator" is a person who has been convicted of a crime of sexual violence and who suffers from a mental abnormality or personality disorder which makes the person likely to engage in predatory acts of sexual violence if not confined to a secure facility.

CP at 723. The trial court gave the State's proposed instruction as jury instruction number three.

The jury returned a verdict finding that the State proved beyond a reasonable doubt that the proposed less restrictive alternative placement plan does not include conditions that would adequately protect the community. On October 12, 2015, the trial court entered an order denying Roush's petition for conditional release. Roush Appeals.

ANALYSIS

Roush argues that the trial court erred by instructing the jury that he is an SVP. Specifically, Roush argues that the trial court's instruction was an impermissible comment on the evidence. However, the trial court's instruction was a proper statement of the law; therefore the trial court did not err by instructing the jury that Roush is an SVP.[1]

We review jury instructions de novo. *State v. Pirtle*, 127 Wn.2d 628, 656, 904 P.2d 245 (1995). Article IV, section 16 of the Washington Constitution prohibits a judge from "'conveying to the jury his or her personal attitudes toward the merits of the case' or instructing a jury that 'matters of fact have been established as a matter of law.'" *State v. Levy*, 156 Wn.2d 709, 721, 132 P.3d 1076 (2006) (quoting *State v. Becker*, 132 Wn.2d 54, 64, 935 P.2d 1321 (1997)). If a jury instruction removes a disputed issue of fact from the jury's consideration, the jury instruction relieves the State of its burden of proof. *Becker*, 132 Wn.2d at 65. But an instruction that

---

[1] The State argues that Roush's appeal is moot because Roush has now been granted conditional relief to the Secure Community Transition Facility on McNeill Island. An issue is moot if this court can no longer provide effective relief. *In re Schuoler*, 106 Wn.2d 500, 503, 723 P.2d 1103 (1986). Because there is a possibility that the terms of Roush's conditional release could be different following another trial, his appeal is not moot.

The State also argues that we should not review Roush's alleged error because he failed to adequately preserve the issue in the trial court. We disagree with the State. Roush's objection at the trial court was sufficient to preserve the issue for review.

accurately states the applicable law and is supported by substantial evidence, is not an impermissible comment on the evidence. *State v. Johnson*, 152 Wn. App. 924, 935, 219 P.3d 958 (2009).

Here, the trial court gave the following instruction to the jury:

Respondent is a sexually violent predator. "Sexually Violent Predator" means any person who has been convicted of a crime of sexual violence and who suffers from a mental abnormality or personality disorder which makes the person likely to engage in predatory acts of sexual violence if not confined to a secure facility.

CP at 1352 (Inst. No. 3). As an initial matter, the trial court's instruction is an accurate statement of the law. RCW 71.09.020(18) defines "sexually violent predator" as

any person who has been convicted of or charged with a crime of sexual violence and who suffers from a mental abnormality or personality disorder which makes the person likely to engage in predatory acts of sexual violence if not confined in a secure facility.

And Roush was found to be an SVP beyond a reasonable doubt in 2002. The issue, therefore, is whether the trial court's instruction removed a disputed issue of fact from the jury's consideration. Here, it did not.

RCW 71.09.090(3)(d) states,

[I]f the issue at the hearing is whether the person should be conditionally released to a less restrictive alternative, the burden of proof at the hearing shall be upon the [S]tate to prove beyond a reasonable doubt that conditional release to any proposed less restrictive alternative either: (i) Is not in the best interest of the committed person; or (ii) does not include conditions that would adequately protect the community.

In a conditional release trial, there is no disputed issue as to whether the committed person meets the definition of an SVP. Accordingly, the trial court's jury instruction was not improper because it did not remove a disputed issue of fact from the jury's consideration.

To support his assertion that the jury instruction was an improper comment on the evidence, Roush relies on the language used in Washington Pattern Jury Instruction, Civil 365.30 (WPI).[2] Roush also relies on the statement regarding the use of evidence of the prior commitment trial and disposition contained in RCW 71.09.090(3). And Roush relies on our opinion in *In re the Detention of R.W.*, 98 Wn. App. 140, 988 P.2d 1034 (1999). Roush's arguments are unpersuasive.

Although Roush correctly asserts that the language in WPI 365.30 is similar to the language in his own proposed jury instruction, WPI 365.30 only provides support for the argument that his jury instruction was correct—not that the State's jury instruction was incorrect. WPI 365.30 is the advanced oral instruction used for voir dire in both unconditional and conditional release trials and reads, in relevant part:

> In an earlier proceeding, the respondent, (name of respondent), has been adjudicated to be a sexually violent predator. A sexually violent predator is a person who previously has been convicted of a crime of sexual violence and who suffers from a mental abnormality or personality disorder that makes it likely for the person to engage in predatory acts of sexual violence if not confined in a secure facility.
>
> . . . .
>
> The respondent has been confined at the Special Commitment Center, which is a secure facility. [The respondent has proposed an alternative placement plan for release to a less restrictive alternative. The State has the burden of proving, in this trial, that this proposed plan is not in respondent's best interests or that the proposed plan does not include conditions that will adequately protect the community.] [The State has the burden of proving that the respondent continues to meet the definition of a sexually violent predator]. Although this is a civil proceeding, the State must prove its case beyond a reasonable doubt and the jury must be unanimous in its decision.

---

[2] 6A Washington Practice: Washington Pattern Jury Instructions: Civil 365.30, at 587 (6th ed. 2012)

6A WPI 365.30, at 587. The first paragraph of WPI 365.30 is similar to the language Roush proposed in his own jury instruction. However, as the note on use states, "This is not one of the written instructions on the law." 6A WPI 365.30 n.594. Moreover, the instruction is meant for use for both unconditional and conditional release trials. The issue in an unconditional release trial is whether the respondent continues to meet the definition of an SVP. RCW 71.09.090(3)(c). Therefore, it would be inappropriate in an unconditional release trial to instruct the jury that the respondent is currently an SVP. Because WPI 365.30 is not meant to be an instruction on the law and applies to both unconditional and conditional release trials, it does not demonstrate that the trial court erred by instructing the jury that Roush is an SVP when that is not a disputed issue in a conditional release trial.

Roush also alleges that RCW 71.09.090(3)(d) supports his position that the jury instruction was erroneous. But the language on which Roush relies simply does not support his argument. Roush relies on the language stating, "Evidence of the prior commitment trial and disposition is admissible." RCW 71.09.090(3)(d); Br. of Appellant at 12. Roush argues, "[T]his statutory statement that the existence of a 'prior' disposition may be admitted as evidence does not constitute a command that the jurors acting as fact finders in either of those scenarios be instructed, as Mr. Roush's jury was, that the 'Respondent is a sexually violent predator.'" Br. of Appellant at 12. But it does not follow that the trial court erred by giving such an instruction. When determining whether a jury instruction is an improper comment on the evidence, the issue is whether the jury instruction comments on a *disputed* fact. Here, whether prior dispositions are admissible in

conditional release trials, sheds no light on whether the jury instruction comments on a disputed fact.[3]

Finally, Roush relies on our opinion in *In re the Detention of R.W.*, which was a civil commitment case under the mental illness statute, chapter 71.05 RCW. *R.W.*, 98 Wn. App. at 142. The trial court instructed the jury that

> [a] prior history of decompensation leading to repeated hospitalizations or law enforcement interventions should be given great weight in determining whether a new less restrictive alternative commitment is in the best interest of the respondent or others.

*R.W.*, 98 Wn. App. at 144. The instruction was based on language in the legislative intent section of the statute. *R.W.*, 98 Wn. App. at 144-45. We held that "[b]ecause [the legislative intent] section is not operative, it is not substantive law, and it cannot be used to justify the instruction." *R.W.*, 98 Wn. App. at 145. We also held that "[t]he instruction was an impermissible comment on the evidence because it instructed the jury on the weight to give certain evidence." *R.W.*, 98 Wn. App. at 145.

Unlike in *R.W.*, the instruction in Roush's case does not come from an inoperative legislative intent section of the law. The instruction is a correct statement of the law derived from

---

[3] Roush attempts to further support his argument by noting that the same language regarding the admissibility of prior commitments is contained in RCW 71.09.090(c) which applies to unconditional release trials. According to Roush, if we approve the instruction as given in this case, then the language in RCW 71.09.090(c) would require the same instruction in unconditional release trials. Roush correctly points out this would be inappropriate but his argument only highlights the fundamental issue in this case. In an unconditional release trial, the disputed issue is whether the respondent continues to meet the definition of an SVP so an instruction – regardless of the admissibility of prior dispositions – would be a direct comment on the disputed issue. Accordingly, Roush's argument related to unconditional release trials lacks merit and is irrelevant to resolving the issue before us.

codified, operative statutes. Accordingly, our reasoning in *R.W.* that the instruction lacked any foundation in law does not apply here. *R.W.* also disapproved of the instruction because it assigned weight to a piece of evidence that the jury was required to consider in reaching the ultimate issue in the trial. *R.W.,* 98 Wn. App. at 145-46. Here, whether Roush met the definition of an SVP was not disputed. Therefore, the instruction did not improperly instruct the jury on how much weight to assign a piece of relevant evidence.

Roush's arguments for why the trial court erred in instructing the jury that Roush is an SVP are unpersuasive. Here, the jury instruction was a proper statement of the law and did not comment on a disputed fact at trial. Therefore, the trial court did not err by giving the instruction. Thus, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

MAXA, A.C.J.

WORSWICK, J.