# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of: | No. 55488-7-II |
| CHARLENE ANNETTE DORCY, | |
| Petitioner, | UNPUBLISHED OPINION |

VELJACIC, J. — In this personal restraint petition (PRP), Charlene Dorcy challenges the Department of Corrections's (DOC's) authorization for involuntary administration of antipsychotic medication. In her supplemental PRP, Dorcy requests immediate release to the corrections center's general population. Because Dorcy fails to show that she is under unlawful restraint, we deny her PRP.

## FACTS

Dorcy is currently serving a 760-month sentence after pleading guilty to two counts of murder in the first degree for the 2005 shooting deaths of her two young children. Dorcy has struggled with mental illness most of her adult life. DOC provides Dorcy with mental health treatment while incarcerated. Dorcy suffers from schizophrenia, with symptoms of delusions and disorganized thinking and a mood disorder with symptoms of mania and depression. One of the treatments for Dorcy's disorders is antipsychotic medication.

During the majority of Dorcy's incarceration she has resided in treatment units due to her severe mental health illness. She currently does not meet eligibility requirements for discharge to the general population.

When an inmate's mental health disorder requires antipsychotic medication, DOC attempts to obtain consent for treatment. However, if the individual refuses to consent to treatment, a provider may move for involuntary antipsychotic administration pursuant to DOC policy.

In June 2020, Dorcy's treating psychiatrist and psychologist petitioned for authorization to continue her antipsychotic medications for a 180-day period. DOC scheduled a hearing and notified Dorcy of the hearing. Dorcy attended the hearing, provided testimony, and had the assistance of an attorney and a lay adviser.

At that hearing, the following information was presented regarding Dorcy's condition: Dorcy suffers from paranoid delusions, including thoughts that DOC staff are trying to kill her and thoughts that her prescribed medication is chemical warfare; she believes that she has several physical ailments despite no medical evidence to support these ailments; and when taken off medication Dorcy refuses food and water, engages in self harm, and threatens others, for instance, she threatened a corrections officer that she was going to "kill [the officer], just like I did my kids." Br. of Resp't Ex. 2, at 14.

Dorcy lacks awareness of her mental illness and is resistant to treatment. A DOC supervising psychologist opined that "discontinuation of [Dorcy's] antipsychotic medication would cause a spiral to decompensation and grave disability, consistent with what [they] had seen in the past." Br. of Resp't Ex. 2, at 21.

DOC unanimously approved authorization to continue Dorcy's medication for another 180 days. On June 3, 2020, DOC denied Dorcy's appeal. On November 18, 2020, Dorcy filed this PRP.

ANALYSIS

Dorcy contends DOC's authorization of involuntary administration of antipsychotic medication violated her due process rights. We disagree.

I.     MOOTNESS

DOC's authorization for 180-day treatment with antipsychotic medication has now expired. This potentially renders this PRP moot. An issue is moot when a court can no longer provide meaningful relief. *In re Pers. Restraint of Parejo*, 5 Wn. App. 2d 558, 570, 428 P.3d 130 (2018). However, we may review a moot case if the issue is likely to recur. *State v. Enriquez-Martinez*, 198 Wn.2d 98, 103 n.1, 492 P.3d 162 (2021).

Here, there is no evidence that Dorcy has recovered from her mental illness. Thus, an ongoing controversy exists between the parties. *See In re Det. of R.W.*, 98 Wn. App. 140, 143, 988 P.2d 1034 (1999) (in civil commitment proceeding, the likeliness that issue will recur justified court reaching moot issue). For this reason, we reach Dorcy's issues even though the 180-day authorization for treatment has expired.

II.     PRP LEGAL PRINCIPLES

To obtain relief through a PRP, petitioners challenging DOC action must show they are being unlawfully restrained under RAP 16.4. *In re Pers. Restraint of Williams*, 198 Wn.2d 342, 352, 496 P.3d 289 (2021). The parties do not dispute that Dorcy is under DOC restraint. Therefore, the issue is whether that restraint is unlawful. Unlawful restraint occurs when the conditions or manner of the restraint are "in violation of the Constitution of the United States or the Constitution or laws of the State of Washington." RAP 16.4(c)(6).

To obtain relief from a PRP based on a constitutional error, a petitioner must show two things: (1) a constitutional error occurred and (2) the error resulted in actual and substantial prejudice. *Williams*, 198 Wn.2d at 353. But where a petitioner raises a claim where there was "'no previous opportunity for judicial review, such as constitutional challenges to actions taken by prison officials,'" a petitioner is not required to make a threshold showing of prejudice. *Id.* (quoting *In re Pers. Restraint of Gentry*, 170 Wn.2d 711, 714-15, 245 P.3d 766 (2010)). Rather, our focus in on whether the petitioner shows the conditions or manner of restraint violate state law or the constitution. *Williams*, 198 Wn.2d at 353.

III.    INVOLUNTARY TREATMENT ACT

Initially, we note that Dorcy alleges many violations of Washington's involuntary treatment act (ITA), chapter 71.05 RCW. The ITA governs the temporary detention for evaluation and treatment of persons with mental disorders. The State argues that chapter 71.05 RCW does not apply because this is not a civil commitment proceeding. We agree with the State. Dorcy is incarcerated on two murder in the first degree convictions. Dorcy is restrained on a criminal matter not a civil matter. Therefore, we do not address her arguments based on cases applying the ITA.

IV.    NO SHOWING OF CONSTITUTIONAL VIOLATION

A person possesses a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the due process clauses of the Fourteenth Amendment to the United States Constitution and article I, section 3 of the Washington Constitution. *Washington v. Harper*, 494 U.S. 210, 221-22, 110 S. Ct. 1028, 108 L. Ed. 2d 178 (1990); *In re Det. of B.M.*, 7 Wn. App. 2d 70, 78 & n.3, 432 P.3d 459 (2019). Due process requires procedural safeguards to ensure a person's interests are taken into account before authorizing involuntary medication. *Harper*, 494 U.S. at 233.

In *Harper*, the United States Supreme Court addressed the constitutionality of a policy established by Washington's DOC regarding the involuntary treatment of inmates with serious mental disorders. *Id*. at 222. The Court held that "the Due Process Clause permits the State to treat a prison inmate who has a serious mental illness with antipsychotic drugs against [their] will, if the inmate is dangerous to [themselves] or others and the treatment is in the inmate's medical interest." *Id*. at 227.

Further, the Court held that an inmate who refuses to voluntarily take medication is entitled to a hearing before a special committee. *Id*. at 234. The inmate is entitled to notice of the hearing; the right to attend, present evidence, and cross-examine witnesses; the right to representation by a disinterested lay adviser versed in the psychological issues; the right to refuse medication for 24 hours before the hearing; and the right to appeal to the correction center's superintendent. *Id*. at 216, 235.

Here, Dorcy's treating psychiatrist and psychologist petitioned for authorization to continue her antipsychotic medications for a 180-day period. DOC scheduled a hearing and notified Dorcy of the hearing. Dorcy attended the hearing, provided testimony, and had the assistance of an attorney and a lay adviser. At that hearing, there was evidence that Dorcy suffers from paranoid delusions and when taken off medication Dorcy engages in self harm and she threatens others. A DOC psychologist opined that "discontinuation of [Dorcy's] antipsychotic medication would cause a spiral to decompensation and grave disability, consistent with what [they] had seen in the past." Br. of Resp't Ex. 2, at 21. Dorcy unsuccessfully appealed. This satisfies the due process requirements set forth in *Harper*. Accordingly, Dorcy fails to show a constitutional violation.

We conclude that Dorcy fails to show unlawful restraint based on constitutional error. Without a showing of unlawful restraint, Dorcy cannot obtain relief through a PRP. *Williams*, 198 Wn.2d at 352.

V.     REQUEST FOR RELEASE INTO GENERAL POPULATION

In her supplemental PRP, Dorcy requests release into the corrections center's general population. Dorcy does not provide legal authority or argument, explaining how placement in the corrections center's treatment facility is an unlawful restraint requiring her to be released into the general population. Moreover, we give prison officials due deference regarding placement and classification decisions for incarcerated individuals. *See McNabb v. Dep't. of Corr*., 163 Wn.2d 393, 406-07, 180 P.3d 1257 (2008) (deference given to DOC on force-feeding policy). For these reasons, we conclude that Dorcy does not show she is entitled to relief.

We deny Dorcy's PRP.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Veljacic, J.

We concur:

_____
Maxa, J.

_____
Glasgow, A.C.J.

6